# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24492-CV-WILLIAMS/TORRES

JULIA UNDERWOOD,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

## ORDER ON MOTIONS IN LIMINE

Before this Court are two Motions in Limine, both filed by Plaintiff JULIA UNDERWOOD ("Plaintiff" or "Underwood") and Defendant NCL (BAHAMAS) LTD. ("Norwegian" or "Defendant") on March 6, 2019. [D.E. 50, 51]. The Honorable Judge Kathleen M. Williams referred those Motions to the undersigned on April 1, 2019. [D.E. 58]. The Motions are now fully-briefed and therefore ripe for disposition. Following our review of those Motions, the issues presented in each, and the relevant legal authorities governing the disputes, we hereby **ORDER** that both Motions be **GRANTED in part** and **DENIED in part**.

### *I.    FACTUAL BACKGROUND*

This case involves a maritime personal injury action in which Plaintiff claims to have sustained injuries after allegedly slipping in a puddle of water on a deck of the Norwegian *Jade* in December of 2016. Plaintiff claims that the incident caused her to suffer compression fractures in her spine requiring treatment with several

medical providers. The parties have both filed motions in limine on various evidentiary issues, and those Motions are now before this Court.

## II. ANALYSIS

The purpose of a motion in limine "is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d. Cir. 1996)). In general, motions in limine are disfavored, and most admissibility questions should be ruled upon as they arise at trial. *Garcia v. Scottsdale Ins. Co.*, 2019 WL 1491872, at *1 (S.D. Fla. Apr. 4, 2019). Thus, in resolving motions in limine, the court should exclude introduction of certain evidence "only if [it] is clearly inadmissible for any purpose." *Arch Specialty Ins. Co. v. Balzebre*, 2013 WL 12065533, at *1 (S.D. Fla. Jan. 16, 2013) (quoting *Stewart v. Hooters of America, Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007)).

### A. *Plaintiff's Motion*

Plaintiff's Motion raises four separate challenges, asking that we preclude Norwegian from admitting the following evidence at trial: (1) evidence of a lack of prior incidents in the area of the vessel where Underwood's fall took place; (2) discussions on the credibility of Plaintiff's experts; (3) texts authored by Defendant's experts in a way that inappropriately bolsters their testimony; or (4) information concerning payments made by collateral sources. [D.E. 50]

### *1. Evidence of Prior Incidents*

Plaintiff first asks that Norwegian be precluded from introducing evidence that no prior incidents or accidents had taken place in the Bali Hai bar in the months and years leading up to Ms. Underwood's incident. Plaintiff contends that such information is irrelevant, misleading, and inadmissible. We disagree.

The Eleventh Circuit has held that evidence of prior incidents "might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988) (citations omitted). The same can be said for the reverse; evidence of a *lack* of prior accidents can be relevant to determining whether Norwegian had notice of the alleged risk-creating condition. *See Higley v. Cessna Aircraft Co.*, 2013 WL 12112167, at \*6 (C.D. Cal. July 8, 2013) ("Evidence of no prior accidents involving the same fuel pump is [ ] relevant to the issues of notice and foreseeability, and *especially probative in negligence cases*.") (emphasis added); *Colin v. United States*, 2001 WL 776998, at \*6-7 (N.D. Cal. May 17, 2001) (finding no prior accidents probative of defendant's lack of knowledge in negligence case). For this reason, the Motion should be denied.

Plaintiff nevertheless argues that "the standard for admissibility of the evidence of lack of prior similar incidents is the same as the standard for admissibility of prior similar incidents." [D.E. 50, p. 2-3]. This is incorrect. First, Plaintiff fails to cite to any authority supporting this position. Second, if such an argument held true,

3

Plaintiff would effectively require Defendant to prove a negative – i.e. "show me that no incidents occurred because the flooring was exactly as it was at the time Ms. Underwood fell" – before introducing such a lack of accidents or incidents at trial. This is not the standard for admissibility, and would place an impossible burden on Norwegian. *See Dorth v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) ("[T]he mosaic of evidence that comprises the record before a jury includes both the evidence *and* the lack of evidence on material matters.") (citation omitted; emphasis added).

Plaintiff's foundation argument is equally misguided. Although Underwood asserts Norwegian has failed to lay proper foundation to permit the introduction of evidence of the absence of similar incidents, such an argument is better-suited for trial, when Defendant can introduce witness testimony or provide other documentation to lay such a foundation. *See* Fed. R. Evid. 602, 901; *Barnett v. Deere & Co.*, 2016 WL 6803152, at *3 (S.D. Miss. Nov. 16, 2016) ("Defendant will be permitted an opportunity to lay a foundation for testimony that there have been no or few incidents similar to this one."); *Serna v. Olde Jackson Village, Inc.*, 2015 WL 4946415, at *3 (D. N.H. Aug. 19, 2015) (denying plaintiff's motion in limine to exclude evidence that no prior accidents had occurred at the same location, allowing defendant to attempt to lay a sufficient foundation at trial).

Ultimately, we find that an absence of prior incidents occurring in the subject area could be probative of whether or not Norwegian had notice of the risk-creating condition that allegedly caused Ms. Underwood to fall. Should Plaintiff wish to challenge the foundation laid by Defendant at trial, she is free to do so; but the

4

evidence is not "so clearly inadmissible" that it must be excluded at this time. *Arch Specialty Ins. Co.*, 2013 WL 12065533 at *1. As such, Plaintiff's Motion in Limine as to the lack of prior incidents is denied.

### 2. *Testimony about Experts' Credibility*

We will deny the Motion as to Plaintiff's second argument, which asks us to preclude Norwegian from having its experts opine or attack the credibility of any of Underwood's experts. If we were to grant such a Motion, we would effectively prevent Defendant from rebutting the conclusions drawn by Plaintiff's expert. Without the benefit of knowing what that testimony will be, we cannot grant the Motion, and find it would be inappropriate to do so on a Motion in Limine. As such, the Motion is denied, but Plaintiff shall be free to renew any such objection during each of Defendant's expert's testimony at trial. *See Stewart*, 2007 WL 1752873, at *1 ("[I]f evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context.").

### 3. *Texts Authored by Defendant's Experts*

Plaintiff's third argument involves her contention that Defendant should be precluded from "any reference to authoritative text, papers, publications, or treatises authored by the defense expert." The only support she provides for this position is an unexplained citation to a case, interpreting Florida law, that in no way is relevant to this argument. Accordingly, we find that Plaintiff's Motion on this count is denied.

5

### *4. Collateral Sources*

The final argument in Plaintiff's Motion asks that we preclude the introduction of any evidence concerning collateral sources of payment made by third parties for Plaintiff's medical care and treatment. We will grant the Motion in part and deny it in part.

The collateral source rule bars a tortfeasor from mitigating damages "by setting off compensation received by the employee from an independent source." *Haughton v. Blackships, Inc.*, 462 F.2d 788, 790 (5th Cir. 1972). "In its simplest application, the rule prohibits the introduction of evidence offered to show that the employee already has been compensated for his injuries." *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980). "In other words, the rule operates to ensure that a benefit to an injured party – from a third party – is not shifted as a windfall to the tortfeasor." *Sampson v. Carnival Corp.*, 2016 WL 11547654, at *2-3 (S.D. Fla. Dec. 9, 2016).

Plaintiff's Motion is broadly-worded. In it, she simply asks that Norwegian be "precluded from introduction of evidence of insurance benefits paid to or on behalf [of] the Plaintiff." [D.E. 50, p. 9]. To the extent Defendant intends to submit evidence concerning payments made by third parties – with an eye towards arguing that Underwood has already been compensated for her injuries – such evidence would be barred by the collateral source rule. As such, the Motion is granted as to the introduction of any such evidence.

This, however, does not end our analysis on the issue. As Norwegian argues in its Response in Opposition to Underwood's Motion, an injured plaintiff is only entitled to recover for medical bills *paid*, not expenses *billed*. *See Diczok v. Celebrity Cruises, Inc.*, 2017 WL 3206327, at *3 (S.D. Fla. July 26, 2017) ("[T]he collateral source doctrine does not govern the amount of medical expenses a plaintiff may claim in damages. An abundance of case law in this District holds that, under general maritime law, recoverable medical expenses are limited [to] *those actually paid by the plaintiff*.") (emphasis added). As such, the collateral source rule does not give Plaintiff free reign to present to the jury a valuation of her damages consisting of the total medical expenses billed, but not paid, by her or some third party. *See Sampson*, 2016 WL 11547654, at *2-3 ("Allowing Plaintiff to introduce the amount billed by the healthcare providers, rather than the amount paid, would result in a windfall to Plaintiff, who never actually received such a benefit.").

Judge Jonathan Goodman recently addressed this issue in a similar case. *See Gharfeh v. Carnival Corp.*, 2019 WL 186864, at *1 (S.D. Fla. Jan. 14, 2019). In discussing the collateral source rule, Judge Goodman wrote the following:

> Carnival readily acknowledges the applicability of the collateral source rule and agrees that it may not seek to admit, or refer to, benefits that [plaintiff] received from third parties, such as insurance proceeds. Carnival, however, argues that the collateral source rule does not permit a plaintiff to introduce medical bills representing the total amount *billed*, as opposed to the amount actually paid. Therefore, Carnival contends, a plaintiff cannot introduce evidence of "written off" or discounted medical charges – and that doing so would result in an impermissible windfall to [plaintiff], who never actually received such a benefit.
>
> …

> A discount or write-off does not implicate the collateral source rule in the way the rule was intended to apply. Moreover, prohibiting evidence of the discount or write-off gives the jury a skewed view of the financial reality surrounding the medical bills. The following hypothetical illustrates the point.
>
> Assume that a plaintiff had rotator cuff surgery in Miami because she injured her shoulder after she slipped on a wet deck surrounding a cruise ship pool. Assume further that the average charge by an orthopedic surgeon in South Florida is $15,000 but that the surgeon who repaired the plaintiff's rotator cuff charged $200,000. Assume further that the plaintiff's insurance carrier paid the surgeon $13,000, that the surgeon accepted $2,000 directly from the plaintiff, and then wrote off $185,000. Under [plaintiff's] view, the hypothetical plaintiff would be permitted to introduce the $200,000 bill and the cruise [line] would be prevented from introducing evidence of the $185,000 discount. This result would be illogical and fundamentally unfair, but it would be required by [plaintiff's] view of the collateral source rule.

*Id.* at *6-7.

We find Judge Goodman's analysis compelling and agree with his ultimate conclusion. As such, we find that the collateral source rule does not preclude Norwegian from introducing evidence of the amount *paid* by Plaintiff for her alleged medical expenses, as opposed to the amount *billed*. *See Sampson*, 2016 WL 11547654, at *3. For this reason, we will deny the Motion as to any argument that the collateral source rule would allow Plaintiff to list medical expenses not actually paid by her or a third party.

8

### B. *Defendant's Motion*[1]

#### 1. *Causation Opinions*[2]

Defendant first asks that we prevent Plaintiff's treating physicians from offering expert opinions as to causation. [D.E. 51, pp. 5]. The main thrust of its argument is that those treating physicians failed to complete expert reports pursuant to Federal Rule of Civil Procedure 26, which should preclude them from offering testimony as to matters of causation unless determining the cause of the injury was necessary to diagnose or otherwise explain the doctors' treatment. *See* Fed. R. Civ. P. 26(a)(2)(B); *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 712-13 (11th Cir. 2008) ("Although we agree that a treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient, once the treating physician expresses an *opinion* unrelated to treatment…[the] witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*."); *Kilpatrick v. Breg*, 2009 WL 2058384, at *11 (S.D. Fla. June 25, 2009) ("Treating physicians not offered as experts, however, may only testify as lay witnesses to matters within the scope of their own personal observation.").

---

[1] In addition to the issues discussed here, Defendant also attempted to limit the introduction of two other pieces of evidence dealing with Plaintiff's husband's death and Dr. Gawith's opinion on her knee injury. [D.E. 51, pp. 6-8]. It appears that these issues are unopposed by Plaintiff, who indicated she did not intend to introduce any such evidence at trial. [D.E. 54, pp. 4-5].

[2] This Order only applies to Drs. Dickerman, Gill, and Jansson. We previously found that Plaintiff cannot introduce any causation testimony from Dr. Jayme Gawith, and our decision here should not be construed as disrupting the findings included in that Order. [*See* D.E. 59].

Contrary to Defendant's argument, treatment related to causation does not *automatically* require the party seeking to introduce that testimony to first prepare an expert report. *See Brown v. NCL (Bahamas) Ltd.*, 2016 WL 8730145, at *5 (S.D. Fla. Oct. 13, 2016) ("[A] treating physician may not offer testimony regarding causation *unless* the determination of causation was necessary for treatment and their opinions are helpful to a clear understanding of the witnesses' testimony."); *Milbrath v. NCL (Bahamas), Ltd.*, 2018 WL 2036081, at *2 n.1 (S.D. Fla. Feb. 28, 2018) ("Testimony, including related to causation, from any treating physicians without a [Rule] 26(a)(2)(B) report must be limited to opinions formed and based upon observations made during the course of treatment."); *Levin v. Wyeth Inc.*, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010) ("[B]ecause a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the *cause of injuries* do not require a written report if based on the examination and treatment of the patient.") (emphasis added). Thus, any testimony offered by Plaintiff's treating physicians about causation would be permissible if based on each doctor's observations made during the course of their treatment with Plaintiff.

At this stage, it would be inappropriate to determine whether the doctors' opinions required a written report in accordance with Rule 26(a)(2)(B) because Norwegian has not met its burden in showing that the matter can or should be resolved in a pretrial Motion. The record fails to establish that the doctors' proposed causation testimony was unnecessary for treatment or otherwise cannot be linked to the observations made during treatment with Ms. Underwood. In our view, a ruling

on the issue "should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *See United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citation and quotation omitted); *Brown*, 2016 WL 8730145 at *5 (deferring on ruling on defendant cruise line's motion in limine concerning treating physicians' opinions as to causation until trial).

For the time being, then, the Motion is denied without prejudice. At trial, and based on the doctors' testimony, Plaintiff must lay predicate as to how and why the causation opinion relates to or is otherwise necessary for purposes of treatment of Underwood after the incident. Norwegian may raise an objection at that time if Plaintiff fails to do so.

### 2. *Medical Expenses Paid, Not Billed*

In its second argument, Norwegian asks that Plaintiff be limited to introducing only the amount of medical bills actually paid. [D.E. 51, p. 5]. In Response, Plaintiff contends that the collateral source rule applies to discounts and write-offs, and that she is entitled to introduce into evidence the total amount billed for her claimed injuries. [D.E. 54, p. 5]. As discussed above, we disagree with Plaintiff's argument as to how broadly the collateral source rule sweeps.

Indeed, the collateral source rule does not bar a defendant from admitting evidence that the amount billed by a third-party medical provider is not the amount paid by a collateral source. *Sampson*, 2016 WL 11547654, at *3; *Diczok*, 2017 WL 3206327, at *3 ("An abundance of case law in this District holds that, under general

maritime law, recoverable medical expenses are limited to those actually paid by the plaintiff."); *Gharfeh*, 2019 WL 186864, at *8 ("Here, [plaintiff] may not introduce all of his medical bills. Introducing all of the medical bills without also providing simultaneous evidence of the discounts or write-offs would be unfairly prejudicial and would provide a skewed view of what constitutes reasonable medical expenses."); *Chimine v. Royal Caribbean Cruises, Ltd.*, 2017 WL 8809632, at *1 (S.D. Fla. Nov. 17, 2017) (granting cruise line's motion in limine that would only permit the plaintiff to enter evidence of damages that were "actually incurred – whether by Plaintiff or a collateral source."). Nor does it preclude a court from determining that a Plaintiff may only enter evidence of the amount paid, not the amount billed, as so aptly illustrated by Judge Goodman's hypothetical in the *Gharfeh* decision.

Plaintiff urges us to rely on Judge Adalberto Jordan's opinion in *Jones v. Carnival Corp.*, 2006 WL 8209625, at *1 (S.D. Fla. Jan. 24, 2006), where the Court held that evidence that plaintiff received over $37,000 in contractual discounts for her medical payments could not reach the jury, based wholly on the collateral rule. As Plaintiff readily acknowledges, however, "some, but not all judges in this District continue to uphold the ruling in *Jones*." [D.E. 54, p. 3]. Even if this were the case – and many of the decisions cited to Plaintiff date back several years – the *Jones* decision goes back more than thirteen years, and our view is that most courts in this District now hold that plaintiffs may only introduce into evidence medical bills paid, not billed. *See generally Gharfeh*, 2019 WL 186864, at *7-8 (collecting cases); *Diczok*, 2017 WL 3206327, at *3.

The collateral source rule does not and should not allow Plaintiff to introduce *all* her medical bills, including those she or a third party was never required to pay. If it did, Plaintiff would be allowed to obtain an improper windfall for "the billed-but-not-paid amount," instead of the value of her *actual* medical expenses. *Gharfeh*, 2019 WL 186864, at *7, at *6; *see also Sampson*, 2016 WL 11547654, at *3 (allowing plaintiff to introduce to the jury the amount billed, rather than the amount paid, "would result in a windfall to [the plaintiff], who never actually received such a benefit.").

For these reasons, we find that Norwegian's Motion should be granted on this issue.

### III. CONCLUSION

In accordance with our findings above, we hereby **ORDER** that both Motions in Limine be **GRANTED in part** and **DENIED in part.**

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of April, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge